UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE MARIA MCCUTCHEN,

                Plaintiff,                        CASE NO. 03-72470

v.                                       PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

CITY OF DETROIT WATER
DEPARTMENT,

                Defendant.
_____/

**ORDER (1) ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND (2) GRANTING EN TOTO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**BACKGROUND**

       Presently before the Court is the Magistrate Judge Komives' Report and Recommendation

dated September 1, 2005, which recommended that the Court grant Defendant summary judgment

on Plaintiff's gender discrimination, hostile-work environment, and intentional infliction of emotion

distress claims, and deny Defendant's motion for summary judgment on Plaintiff's retaliation claim.

Defendant filed objections on September 12, 2005.  For the reasons stated below, the Court accepts

in part and rejects in part the Report and Recommendation. The Court accepts the Report and

Recommendation granting Defendant's motion for summary judgment on Plaintiff's gender

discrimination, hostile environment claim, and intentional infliction of emotional distress claims.

The Court rejects the Report and Recommendation denying Defendant's motion for summary

1

judgment on Plaintiff's retaliation claim.

**STANDARD**

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Therefore, the Court makes a de novo determination of the Report and Recommendation.

**ANALYSIS**

In his Report and Recommendation, Magistrate Judge Komives states that Plaintiff provided sufficient evidence to establish a genuine issue of material fact with respect to each element of her *prima facie* retaliation claim.  In its Objections to the Report and Recommendation, Defendant argues that the Report and Recommendation fails to address the burden shifting analysis in Plaintiff's retaliation claim.  (Def. Obj., 2).  The Court agrees with Defendant and finds that this analysis is not complete, namely, a *prima facie* finding is only the first step in analyzing a retaliation claim.  As a result, the Court accepts Magistrate Judge Komives' analysis of the retaliation claim, but finds it necessary to move on to the burden shifting analysis.

In concluding his analysis on the retaliation claim, Magistrate Judge Komives stated:

Therefore, the Court should disagree with defendant City of Detroit that "[p]laintiff cannot prove anything that would suggest that she was subject to retaliatory treatment that was in some way causally connected to her exercising a protect right." [] Accordingly, the Court should conclude that plaintiff has provided sufficient evidence to establish a genuine issue of material fact with respect to each element of her retaliation claim.

This Court disagrees.  This Court concludes that Plaintiff has provided sufficient evidence to establish the elements of a prima facie case of retaliation.  However, once a plaintiff establishes a *prima facie* case, the burden of production of evidence shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for its actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973).  The plaintiff, who bears the burden of persuasion throughout the process, then must demonstrate "that the proffered reason was not the true reason for the employment decision." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981).

Following *McDonnell Douglas*, Defendant must now articulate a legitimate, non-discriminatory reason for the suspensions.  411 U.S. at 802.  "The defendant's 'articulated reasons' *themselves* are to be found 'lurking in the record.'" *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 523 (1993) (emphasis in original).  Here, Defendant states that "Plaintiff was suspended for one (1) work day and (3) three calendar days for insubordination."  (Def. Obj., 3; Def. Obj. Ex D).  The reason given for the insubordination was refusal to accept and perform a job assignment when directed, and, as directed, without good cause. (*Id*.).  Accordingly, the Court finds that Defendant has articulated a legitimate, non-discriminatory reason.

Plaintiff, at all times, retains the burden of persuasion. *St. Mary's*, 509 U.S. at 518.  After defendant offers a legitimate, non-discriminatory reason, plaintiff "must then demonstrate by a preponderance of the evidence that the proffered reason was a mere pretext for discrimination by establishing that the proffered reason: 1) has no basis in fact; 2) did not actually motivate the adverse action; or 3) was insufficient to motivate the adverse action." *Abbott v. Crown Motor Co., Inc*, 348

F.3d 537, 542 (6th Cir. 2003).

Plaintiff has failed to show that Defendant's reasons are pretext for the alleged retaliation suffered by Plaintiff. The pleadings, briefs and exhibits fail to show that Defendant had no basis in fact for the suspensions. On the contrary, there appears to be more than adequate basis for the suspension. Plaintiff cannot show that the proffered reasons did not actually motivate the adverse action, nor has she shown that there are similarly situated individuals who were treated differently. Plaintiff has referred to others that were treated in a similar fashion and who have filed reports to the Human Resources Department, (Third Amend. Compl. ¶ 64), however, she only claims that "nothing has been done about the matter." (*Id.*). There is no mention of anyone in a similar position who received different treatment than herself. Plaintiff did show that one of the suspensions occurred soon after the grievances were filed,[1] but she has not shown that those responsible for the suspension knew about the grievance. (Def. Obj., 4). Plaintiff also has not shown that Defendant lied about its reasoning for the suspension, as there are no contradictory reasons given by Defendant for the suspensions.[2] *Compare with White v. Burlington Northern & Santa Fe Ry.*, 364 F.3d 789, 804 (6th Cir. 2004) ("Burlington Northern asserted one reason for transferring White in its

---

[1] Plaintiff was suspended on November, 9, 2001, the suspension began on November 10, 2001. (Def. Mot. Ex. D). Plaintiff reported to work again on November 14, 2001, after she had served her suspension. (*Id.*). Plaintiff was also suspended on December 30, 2002, the suspension began on that same day. (Def. Mot. Ex. H). Plaintiff reported to work again on January 2, 2003. Plaintiff claims that this suspension was in retaliation for a grievance being filed on her behalf on December 12, 2002. (*Id.*).

[2] Defendant has continuously claimed that Plaintiff was suspended the first time due to losing a prep radio and for failing to notify her supervisor when the incident occurred. (Def Mot. Ex. D). Also, Defendant has continuously claimed that Plaintiff was suspended the second time for disobeying an order from a Senior Service Guard to refuel a city vehicle.

4

interrogatory response, but then Brown, the official who made the decision to transfer White, asserted a different, contradictory reason at trial.").

Finally, Plaintiff complains of retaliatory incidents in her four grievances other than her suspension, but it is unclear against whom or what Defendant is retaliating. As a result, Plaintiff has not met her burden. Therefore, the Court rejects the Report and Recommendation on the retaliation claim and grants Defendant's Motion for Summary Judgment as to that issue.

Having reviewed the Magistrate Judge's Report and Recommendation, the Court accepts the Report and Recommendation GRANTING Defendant summary judgment on Plaintiff's gender discrimination, hostile environment claim, and intentional infliction of emotion distress claims, but REJECTS the Report and Recommendation denying Defendant's Motion for summary judgment on Plaintiff's retaliation claim. Accordingly, the Court GRANTS Defendant Summary Judgment on Plaintiff's retaliation claim.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2005


CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 12, 2005.

s/Jonie Parker
Case Manager

Dated:  10/12/05
        Detroit, Michigan